UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DWANYIETTA THIBODEAUX | * | CIVIL ACTION NO. 25-2065 |
| | * | |
| VERSUS | * | SECTION: "A"(5) |
| | * | |
| VERIZON WIRELESS SERVICES, LLC | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE MICHAEL NORTH |
| | * | |

**ORDER AND REASONS**

Before the Court is a **Motion to Remand and Request for Attorney's Fees (Rec. Doc. 10)** filed by Plaintiff, Dwanyietta Thibodeaux. Defendant opposes the motion. The motion, submitted for consideration on November 26, 2025,[1] is before the Court on the briefs without oral argument. The Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's **Motion to Remand and Request for Attorney's Fees (Rec. Doc. 10)** for the reasons set forth below.

**I.    Background**

The instant case was initially filed by Plaintiff in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, on August 27, 2025, against "Verizon Wireless Services, LLC."[2] Plaintiff alleges that she was terminated from her employment at a Verizon retail store in Harvey, Louisiana, based, in whole or in part, upon her race in violation of Louisiana Employment Discrimination Law, La. R.S. 23:301, et seq.[3] The only named defendant in Plaintiff's Petition is Verizon Wireless

---

[1] This Motion was originally set for submission on November 12, 2025, but the Court granted a Motion to Continue Submission date, resetting the date to November 26, 2025. Rec. Doc. 12.
[2] Rec. Doc. 1-1, Exhibit A – State Court Rec.
[3] *Id.* at ¶ ¶ 6-13.

1

Services, LLC. Despite this, Cellco Partnership d/b/a Verizon Wireless ("Cellco"), a separate entity, timely filed a notice of removal on October 2, 2025.[4] In its Notice of Removal, Cellco states that it had been incorrectly named as Verizon Wireless Services, LLC in the Petition, and that it is the entity that goes by "Verizon Wireless" and therefore the proper defendant.[5]

Plaintiff responded with this Motion to Remand, arguing that Cellco did not have the statutory authority to remove the case and that the Court lacks subject matter jurisdiction because it was removed by a non-party. She points out that Cellco Partnership is a "completely separate, valid and legal juridical entity" from the named defendant, Verizon Wireless Services, LLC.[6] Further, she maintains that "her employer was, and the proper defendant is, Verizon Wireless Services, LLC," and she is clear that is the entity she intended to sue.[7] Plaintiff also seeks to recover costs and attorney's fees associated with this removal on the basis that Cellco intentionally and improperly removed this matter.[8]

**II.    Legal Standard**

Under 28 U.S.C. § 1441(a), any civil action brought in state court over which the federal courts have subject matter jurisdiction may be removed by a defendant to federal court. However, federal courts are courts of limited jurisdiction. *Howery v. Allstate Insurance Co.*, 243 F. 3d 912, 916 (5th Cir. 2001) (citing *Kokkonen v.*

---

[4] Rec. Doc. 1, Notice of Removal.
[5] *Id.*
[6] Rec. Doc. 10, Mot. to Remand and Request for Atty. Fees, at 1.
[7] Rec. Doc. 14, Reply Memo. in Support of Mot. to Remand and Request for Atty. Fees, at 7.
[8] Rec. Doc. 10-1, Memo. in Support of Mot. to Remand and Request for Atty. Fees, at 2.

*Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)). The Court must assume that a suit lies outside this limited jurisdiction until jurisdiction is established. *Id.* Because removal implicates issues of federalism, and because federal courts have a narrow jurisdictional grant, "[r]emoval statutes . . . are to be construed 'strictly against removal and for remand.'" *Hicks v. Martinrea Automotive Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021) (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)). When a case is removed from state court, the removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *See Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2020); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

### III. Discussion

#### a. Removal by a Non-Party

As the removing party, Cellco has not shown that federal jurisdiction exists, nor that removal was proper. "The law is clear that a case filed in state court may be removed to federal court only by 'the defendant or the defendants.' 28 U.S.C. § 1441(a). A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case." *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006).

Cellco relies on the fact that it goes by the business name "Verizon Wireless" and that Plaintiff referred to the defendant as "Verizon Wireless" numerous times in

her Petition as justification for why it is the proper entity to effect removal.[9] This contradicts Plaintiff's insistence that she meant to sue Verizon Wireless Services, LLC and the fact that she identified that entity in her Petition and her request for service.[10] The Court finds the argument unpersuasive that a petitioner using the terms "Verizon Wireless" or "Verizon" could not possibly be referring to "Verizon Wireless Services, LLC," but instead must have meant to refer to "Cellco Partnership d/b/a Verizon Wireless." This rationale becomes even more disingenuous when, as Plaintiff points out, Verizon Wireless Services, LLC is also registered to use the tradename "Verizon Wireless."[11] However, even if Cellco is the proper party to sue, it did not enter the lawsuit through the proper means, and therefore does not have the right to remove.

Plaintiff cites to *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006) and *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593 (5th Cir. 2020) for the proposition that Cellco's removal was defective.[12] In both cases, the Fifth Circuit held that the removing party, who was not a party to the original state court suit, did not have the authority to remove the case to federal court. Like in *Valencia*, the only named defendant here was Verizon Wireless Services, LLC. Cellco Partnership never sought to intervene in the case or to be joined as a defendant. And Verizon Wireless Services, LLC did not contend that it had been erroneously named in the matter. Cellco was not a defendant in this case as originally filed, and it did not become a

---

[9] Rec. Doc. 13, Def.'s Opp. to Pl.'s Mot. to Remand, at 2-3.
[10] Rec. Doc. 14 at 2-4.
[11] *Id.* at 3
[12] Rec. Doc. 10-1 at 2.

defendant through proper means. Cellco, therefore, lacked the authority to remove the suit to federal court. *See Valencia*, 976 F.3d at 597.

The Court has addressed a similar issue in *Lefort v. Entergy Corp.*, No. 15-1245, 2015 WL 4937906 E.D. La. Aug. 18, 2015). In that case, the Court denied the plaintiff's motion to remand even though removal was effectuated by a non-party. Cellco argues that the Court should follow its precedent and likewise deny the pending Motion. However, this case is distinguishable in a few significant ways. In *Lefort*, the plaintiffs sought, via their petition, to sue Entergy's insurer, AEGIS Insurance Services, Ltd.; however, they misnamed the insurer, naming a non-existent entity instead. 2015 WL 4937906 at *3. Here, neither party denies that Verizon Wireless Services, LLC exists and that it is a valid and legal juridical entity. And unlike in *Lefort,* Plaintiff contests Cellco's characterization that it is the intended defendant, and instead maintains that Verizon Wireless Services, LLC is the correct and only defendant. Cellco also does not offer any evidence that it is Plaintiff's employer. Instead, as discussed above, it states that "Verizon Wireless" is Plaintiff's employer (and the proper defendant) and points out that it goes by the tradename "Verizon Wireless" while omitting that Verizon Wireless Services, LLC also has the right to use that name. Lastly, in *Lefort,* the remover was not seeking to manufacture diversity because the court had jurisdiction over the matter via federal question jurisdiction. Although neither party challenges the existence of diversity jurisdiction, the Court *sua sponte* raises the issue.

5

### b. Citizenship of the Parties

Proper information regarding the citizenship of all parties and the amount in controversy is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The amount in controversy requirement appears to be met, as Plaintiff's claims likely exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The Petition alleges that Plaintiff's damages include lost wages and employment benefits (past and future); emotional distress and mental anguish; reputational harm; diminished earning capacity; loss of enjoyment of life; shame and humiliation; inconvenience; and attorney fees.[13] Plaintiff's earnings in 2024 were $91,812.26, and she was also entitled to a 10,000 stock grant per year.[14] This is beyond the

The citizenship of a limited liability company is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3s 1077, 1080 (5th Cir. 2008). In its Opposition, Cellco states that "the sole member of **Verizon Wireless, LLC** is Cellco Partnership d/b/a Verizon Wireless."[15] It further provides a Declaration by Meryl Friedman, Legal Manager, Corporate Governance for Verizon, which reiterates that "[t]he sole member of **Verizon Wireless, LLC** is Cellco Partnership d/b/a Verizon Wireless."[16] However, the named defendant is **Verizon Wireless Services, LLC**, not "**Verizon Wireless, LLC**." The only information Cellco gives on the

---

[13] Rec. Doc. 1-1 at ¶ 31.
[14] Rec. Doc. 1 at ¶ 6.
[15] Rec. Doc. 13 at 4.
[16] Rec. Doc. 13-1, Exhibit A – Dec. of Meryl Friedman.

citizenship of **<u>Verizon Wireless Services, LLC</u>** is that it "is a Delaware limited liability company with its principal place of business at One Verizon Way, Basking Ridge, New Jersey, 07920."[17] This is a deficient allegation regarding the citizenship of the named defendant, Verizon Wireless Services, LLC.[18] Despite its insistence to the contrary, Cellco provides no proof that it is not trying to manufacture diversity by substituting a non-diverse party.[19]

### c. Costs and Attorney's Fees

The decision to grant or deny attorney fees is within the discretion of the Court, and an award of such fees and costs is not automatic under 28 U.S.C. §1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Fifth Circuit has stated that attorney fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal was legally proper.'" The Court does not look to the motive of the removing party. *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citing Valdes, 199 F.3d at 293). Following the Fifth Circuit's precedent, the Court finds that Cellco had a reasonable belief that removal was proper based on the Court's prior precedent in *Lefort* because Cellco presumed that it was Plaintiff's employer, and that diversity jurisdiction existed.

The Court finds that Cellco had objectively reasonable grounds upon which to remove this case to district court. Although removal was improper, that conclusion does not support the Court in awarding attorney's fees on Plaintiff's behalf.

---

[17] *Id.*
[18] *Id.*
[19] *See* Rec. Doc. 13 at 4.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 10)** filed by Plaintiff, Dwanyietta Thibodeaux is **GRANTED**, and this matter is hereby **REMANDED** to the state court from which it was removed.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Request Attorney's Fees (Rec. Doc. 10)** is **DENIED**.

January 22, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE